# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GABRIELA VEGA,** | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 19-174** |
| | § | |
| **TESSCO TECHNOLOGIES, INC.** | § | |
| | § | |
|    Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Tessco Technologies, Inc. (hereinafter referred to as "Tessco"), Defendant in the above-styled and numbered civil action, and files this Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, respectfully showing as follows:

## I.
## PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

Plaintiff filed her Original Petition on or about October 19, 2018, in the 407th Judicial District Court of Bexar County, Texas. Plaintiff's Original Petition is styled *Gabriela Vega v. Tessco Technologies, Inc.*, Cause No. 2018CI20151. Plaintiff, who is a former employee of Tessco, claims discrimination on the basis of sex and retaliation in alleged violation of the Texas Labor Code, Section 21.001, *et. seq.* ("TCHRA"). *See* Plaintiff's Original Petition at pp. 4-5.[1]

Plaintiff originally attempted service of process on October 23, 2019 by certified mail, return receipt requested. However, as evidenced by the return and citation filed in this case, service of process was mailed to the wrong address and Tessco did not receive service of process. *See* Docket Sheet and All Pleadings and Answers Filed in this Case, attached hereto as

---

[1] Plaintiff's Original Petition is included as part of Exhibit A to this Motion.

part of **Exhibit A**; *see also* Declaration of Suzanne Laleker, attached hereto as **Exhibit B**, at ¶ 3. Tessco later agreed to accept service of process on January 23, 2019.  Tessco timely filed its answer with the state court on February 15, 2019.

This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332 based upon diversity.  This civil action is properly removed to this district because the state court where the action has been pending is located within this district and division.  28 U.S.C. § 1441(a).

Pursuant to Local Rule 81, this Notice of Removal is accompanied by: (1) an index of matters being filed; (2) all executed process in the case; (3) all pleadings and answers in the case; (4) the state court's docket sheet; and (5) a list of all counsel of record, including addresses and telephone numbers, collectively attached hereto as **Exhibit A**.  No orders have been signed by the state court in this matter.

## II.
## THIS CASE IS REMOVABLE BASED UPON DIVERSITY JURISDICTION

A.     DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because: (a) it is an action between citizens of different States; and (b) the amount in controversy exceeds $75,000.00.  28 U.S.C. 1332(a).  According to her Original Petition, Plaintiff is a resident and citizen of Texas.  *See* Exhibit A, Plaintiff's Original Petition, at p. 1, ¶ 1.  Tessco is a corporation organized under the laws of Delaware and with its principal place of business in Maryland.  *See* **Exhibit B**, the Declaration of Suzanne Laleker, at ¶ 3.  Thus, Tessco is a citizen of the States of Delaware and Maryland for the purpose of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1).  In sum, there is complete diversity between Plaintiff, a citizen of the State of Texas, and Tessco, a citizen of the States of Delaware and Maryland.  28 U.S.C. § 1332(a)(1).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

In addition, diversity jurisdiction exists because the "amount in controversy" exceeds $75,000.00, exclusive of interest and costs. While Plaintiff does not specify the exact amount in controversy in her Petition, she identifies her damages as exceeding $200,000.00 but less than $1,000,000, and she does not limit her damages claim to less than $75,000.00. *See* Exhibit A, Plaintiff's Original Petition, at p. 6, ¶ 17. Tessco may rely on Plaintiff's demand for damages in excess of $200,000.00 to meet the jurisdictional requirement for removal. *See* 28 U.S.C. § 1446(c)(2); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Therefore, jurisdiction exists under 29 U.S.C. § 1332 and removal is proper.

Alternatively, even if a plaintiff's petition does not set forth a specific amount in controversy, the removing defendant may show that the controversy exceeds $75,000.00 by a preponderance of the evidence. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Gipson v. Wal-Mart Stores, Inc.*, 2008 WL 4844206, *3 (S.D.Tex. Nov. 3, 2008). In cases similar to this, district courts have found it to be "facially apparent" that the plaintiff's claims exceeded $75,000.00 and have denied motions to remand. *See Gipson*, 2008 WL 4844206 at *3-4 (where plaintiff sought "lost wages, lost future opportunity, mental anguish damages, compensatory damages, and punitive damages," the court held that it is facially apparent that the amount in controversy exceeds $75,000.00); *Mireles v. Bottling Group, L.L.C.*, 2008 WL 559436 at *2 (W.D.Tex. Feb. 5, 2008) (determining it was facially apparent from plaintiff's original petition that claims for damages for back pay and benefits, front pay and benefits, compensatory damages in the past and future, attorneys' fees and punitive damages exceeded the amount-in-controversy requirement); *Hanson v. Kmart Corp.*, 2008 WL 4372701 at *3 (W.D.Tex. Sept. 11, 2008) (denying the plaintiff's motion to remand because the plaintiff failed to demonstrate that

"as a matter of law, it is certain that [she] will not be able to recover more than the damages for which [she] has prayed in the state court complaint.")

So also, in *Martin v. Southwest PCS*, No. SA-03-CA-866-XR, 2003 WL 22477692 at *3 (W.D.Tex. Nov. 3, 2003), the district court denied the plaintiff's motion to remand, noting that he did not stipulate that he would seek not more than $75,000.00, and no applicable statute limited plaintiff's recovery to an amount below $75,000.00.  In addition to lost wages, plaintiff Martin sought damages for severe emotional distress, humiliation, mental trauma, and injury to his professional and credit reputation as compensatory damages, as well as punitive damages, and attorneys' fees.  *Id*.  Although the plaintiff affirmatively limited his compensatory and punitive damages to $20,000.00 and his attorneys' fees to $24,000.00, these amounts, when coupled with his other damage claims, made it facially apparent that the amount in controversy exceeded $75,000.00.  *Id.* at *4.

Similarly, here, Plaintiff seeks compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages), lost wages, front pay, exemplary damages and attorneys' fees.  *See* Exhibit A, Plaintiff's Original Petition, at pp. 5-6, ¶¶ 16-17.  If a court awarded all of the relief that Plaintiff seeks, the award to her would exceed $75,000, as required by 28 U.S.C. § 1332.

Specifically, one component of Plaintiff's alleged damages is for economic damages in the form of lost wages and front pay.  Plaintiff was allegedly terminated from employment with Defendant on January 24, 2018.  *See* **Exhibit A**, Plaintiff's Petition, p. 4 at ¶ 10.  Therefore, as of the date of removal, Plaintiff has a claim for approximately thirteen (13) months of back pay.  Assuming this case went to trial within one (1) year of this removal, Plaintiff would have a claim for 25 months of back pay.  At the time of her termination, Plaintiff earned $75,470.00 annually.

*See* **Exhibit B**, at ¶ 4.  Therefore, the sum of Plaintiff's anticipated back pay claim through trial is approximately $157,230.00, rendering the amount in controversy in excess of $75,000.00.

Plaintiff's claims under the TCHRA also allow for the recovery of attorneys' fees.  TEX. LAB. CODE § 21.259.  When a statutory cause of action entitles a party to receive attorney's fees, the amount in controversy includes those fees.  *H & D Tire & Automotive-Hardware, Inc. v. Pitney-Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).  The fees that are considered, moreover, are those that would be incurred in the future, and not simply those incurred to date.  *Albright v. IBM Lender Process Services Inc.*, 2011 WL 5921379 at *3 (S.D.Tex. Nov. 28, 2011) (rejecting the plaintiff's argument that only fees incurred to date should be considered and holding that the potential future award of attorney's fees is included in calculating the amount in controversy).  Thus, the addition of Plaintiff's claim for her attorneys' fees – given that anticipated fees through trial are considered – places the amount in controversy in excess of $75,000.00.

For all of these reasons, removal of the present case based upon diversity jurisdiction is proper.

### III.
### THIS NOTICE OF REMOVAL IS TIMELY

Finally, Tessco timely filed this Notice of Removal within 30 days of its receipt through service of process of a copy of the initial pleading establishing that this case is removable to this Court.  28 U.S.C. § 1446(b).  Notice of this removal is being filed in the state court where the action is currently pending, and this Notice of Removal is also being served on Plaintiff through her counsel, pursuant to 28 U.S.C. § 1446(d).  A copy of Defendant's Notice of Removal filed in the state court is attached hereto as **Exhibit C.**

WHEREFORE, PREMISES CONSIDERED, Defendant Tessco Technologies, Inc., hereby removes this matter from the 407th Judicial District Court of Bexar County, Texas to this Honorable Court.

Respectfully submitted,

*/s/ Lara C. de Leon*
Lara C. de Leon
State Bar No. 24006957
So. Dist. 358139
lara.deleon@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX  78205
210.354.1300 (phone)
210.277.2702 (fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the E-File Texas system, which will send notification of such filing to the following counsel of record:

Dennis L Richard
Law Office of Dennis L. Richard
14255 Blanco Road
San Antonio, Texas 78216

*/s/ Lara C. de Leon*
Lara C. de Leon

37502293.1
070613-000001